IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARGARETHA WELLS,

    Plaintiff,

v.

WEST GEORGIA TECHNICAL COLLEGE
(formerly known as West Central
Technical College), TECHNICAL
COLLEGE SYSTEM OF GEORGIA, and
STATE BOARD OF THE TECHNICAL
COLLEGE SYSTEM OF GEORGIA,

    Defendants.

CIVIL ACTION NO.

1:11-cv-3422-JEC

## ORDER & OPINION

This case is before the Court on defendants' Motion to Dismiss [10]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that defendants' Motion to Dismiss [10] should be **GRANTED**.

## BACKGROUND

This case arises under the Americans with Disabilities Act (the "ADA") and the Family and Medical Leave Act (the "FMLA"). (Compl. at ¶ 2, attached to Notice of Removal [1] at Ex. A.) Plaintiff is a former instructor at West Georgia Technical College. (*Id*. at ¶ 3.) On August 18, 2009, plaintiff worked a half day in order to go to the doctor. (*Id*. at ¶ 4.) The doctor allegedly informed plaintiff that

she was "temporarily unable to work" for some unspecified reason. (*Id.* at ¶ 6.) Consequently, plaintiff contacted human resources director Madelyn Warrenfell to obtain the forms necessary to request medical leave. (*Id.* at ¶¶ 7, 9.)

According to the complaint, Warrenfell berated plaintiff and falsely accused her of not providing notice of her absence from work. (Compl. [1] at ¶¶ 9, 11.) Plaintiff informed Warrenfell that she was in an "emotionally fragile condition" and needed to go home as her doctor had instructed. (*Id.* at ¶ 10.) However, Warrenfell persisted in her accusations. (*Id.* at ¶ 11.) Thereafter, defendants denied plaintiff's request for medical leave and terminated her employment effective August 31, 2009. (*Id.* at ¶ 12.)

Plaintiff subsequently filed this action asserting claims for disability discrimination in violation of the ADA and improper denial of medical leave in violation of the FMLA. (*Id.* at ¶¶ 13-25.) Defendants have filed a motion to dismiss plaintiff's complaint under Federal Rule 12(b)(6). (Def.'s Mot. to Dismiss [10].) In support of their motion, defendants argue that: (1) the only legal entity that is potentially subject to liability in this case is the Technical College System of Georgia ("TCSG"), (2) plaintiff's FMLA claim is barred by sovereign immunity, and (3) plaintiff has not pled sufficient facts to support a claim for disability discrimination under the ADA. (*Id.*)

2

**DISCUSSION**

**I.   Rule 12(b)(6) Standard**

In deciding a motion to dismiss under Federal Rule 12(b)(6), the Court assumes that all of the allegations in the complaint are true and construes the facts in favor of the plaintiff. *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010). That said, in order to survive a motion to dismiss a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim [for] relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is "facial[ly] plausible" when it is supported with facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

**II. Redundant Claims**

Pursuant to state statute, the Technical College System of Georgia ("TCSG") exercises "management and operational control" over all Georgia vocational centers, including West Georgia Technical College. O.C.G.A. § 20-4-18. Thus, TCSG is the only legal entity that is potentially subject to liability for plaintiff's claims. *Id.* Naming West Georgia Technical College and the State Board of the TCSG is redundant and improper. *See Clark v. Fitzgerald Water, Light & Bond Comm'n,* 284 Ga. 12, 14 (2008)(the power to extend the right to

3

a governmental agency to sue or be sued rests solely with the legislature). Accordingly, defendants' motion to dismiss [10] is **GRANTED** as to West Georgia Technical College and the State Board of the TCSG. TCSG will remain as the sole defendant.

III. **Plaintiff's FMLA Claim**

Plaintiff's FMLA claim arises under the self-care provision of the Leave Act, 29 U.S.C. § 2612(a)(1)(D). (Compl. [1] at ¶¶ 20-25.) That provision entitles an "eligible employee" to twelve weeks of leave during any twelve month period if necessitated by "a serious health condition that makes the employee unable to perform the functions of [his or her] position." 29 U.S.C. § 2612(a)(1)(D). According to plaintiff, TCSG violated the FMLA's self-care provision by refusing her request for medical leave and terminating her employment. (Compl. [1] at ¶¶ 24-25.)

The Court agrees with defendant that plaintiff's FMLA claim is barred by sovereign immunity. Article I of the Georgia Constitution extends sovereign immunity to the state and all of its departments and agencies. Ga. Const. art. I, § II, ¶ IX(e). *See also McCobb v. Clayton Cnty.*, 309 Ga. App. 217, 218 (2011)(applying Georgia's constitutional sovereign immunity provision). The immunity can only be waived by an Act of the Georgia legislature that specifically provides for and describes the extent of the waiver. Ga. Const. art. I, § II, ¶ IX(e). Any such waiver must be established by the party

4

seeking to benefit from the waiver: in this case, plaintiff. *McCobb*, 309 Ga. App. at 218.

There are two Georgia statutes that specifically waive sovereign immunity, neither of which is applicable here. First, the Georgia Tort Claims Act waives immunity for certain torts committed by state officers and employees while acting within the scope of their official duties. O.C.G.A. § 50-21-20, *et seq*. Plaintiff does not assert any allegations that could conceivably be encompassed by the Tort Claims Act, nor is there any indication that plaintiff complied with the mandatory notice provisions of the Act before she filed her complaint. *See* O.C.G.A. § 50-21-26. Plaintiff apparently concedes that the Tort Claims Act does not apply, because she does not respond to defendant's arguments concerning the Act. (Pl.'s Resp. to Defs.' Mot. for Summ. J. ("Pl.'s Resp.") [11].)

In addition to certain tort claims, Georgia law waives sovereign immunity for actions arising from the state's breach of a written contract. O.C.G.A. § 50-21-1(a). In support of her argument that the contract waiver applies here, plaintiff asserts that "[a]n employment relationship is obviously contractual." (Pl.'s Resp. [11] at 4.) But plaintiff does not cite to any written contract or describe its terms. *See Georgia Dep't of Cmty. Health v. Data Inquiry, LLC,* 313 Ga. App. 683, 685-86 (2012)(plaintiff "has the burden of showing that the contract sought to be enforced is in

5

writing and contains all of the terms necessary to constitute a valid contract"). Even assuming a written contract exists, plaintiff's complaint does not include a claim for breach of that contract.

More generally, plaintiff suggests that defendant's sovereign immunity argument runs afoul of the Supreme Court's decision in *Nevada Dep't of Human Res. v. Hibbs,* 538 U.S. 721 (2003). In *Hibbs*, the Supreme Court held that Congress had validly abrogated state immunity for claims arising under the family-care provision of the FMLA. *Id.* at 725. The *Hibbs* Court explained that: (1) Congress made its intention to abrogate state immunity clear in the text of the FMLA, and (2) it acted pursuant to a valid exercise of its constitutional power under § 5 of the Fourteenth Amendment. *Id.* at 726, 735. Specifically with respect to the second point, the Court concluded that the family-care provision was a legitimate attempt to enforce the substantive guarantees of § 1 of the Fourteenth Amendment, among them equal protection of the laws, by enacting appropriate legislation. *Id.* at 727. This conclusion was based on substantial evidence of state-sanctioned gender discrimination with respect to family leave policies. *Id.* at 726-39.

In a recent decision expressly addressing the issue, the Supreme Court declined to extend the *Hibbs* rule to claims arising under the FMLA's self-care provision. *See Coleman v. Court of Appeals of*

6

*Maryland,* 132 S. Ct. 1327, 1332 (Mar. 20, 2012).[1] Citing *Hibbs*, the Court noted in *Coleman* that Congress had made its intention to abrogate state immunity "unmistakably clear" in the FMLA. *Id.* at 1333. However, the Court held that Congress's attempt to abrogate immunity with respect to the self-care provision of the FMLA was not a valid exercise of congressional power under § 5 of the Fourteenth Amendment, because it was not based on a "well-documented pattern of sex-based discrimination" by the states in their administration of self-care leave policies. *Id.* at 1334.

Applying *Coleman*, the immunity rule announced in *Hibbs* is not applicable to plaintiff's FMLA self-care claim. *Id.* at 1332. Moreover, the Georgia legislature has not waived immunity for plaintiff's FMLA claim. Accordingly, defendant's motion to dismiss [10] is **GRANTED** with respect to the FMLA claim asserted in Count II of the Complaint.

## IV. **Plaintiff's ADA Claim**

Plaintiff's ADA claim arises under Title I of the Act, which prohibits discrimination against disabled individuals in regard to

---

[1] *Coleman* was decided by a plurality opinion delivered by Justice Kennedy and joined by Justice Roberts, Justice Thomas, and Justice Alito. *Coleman,* 132 S. Ct. at 1332. Justice Scalia concurred in the judgment, writing separately to express his view that Congress's power under § 5 should be limited to the regulation of conduct that itself violates the Fourteenth Amendment, which does not include failing to grant state employees leave for the purpose of self-care. *Id.* at 1338-39.

7

the terms, conditions and privileges of their employment. *See* 42 U.S.C. § 12112(a) and *D'Angelo v. ConAgra Foods, Inc.*, 422 F.3d 1220, 1227 (11th Cir. 2005). To prevail on her ADA claim, plaintiff ultimately must show that: (1) she has a disability, (2) she is a "qualified individual" as defined by the ADA, and (3) defendant discriminated against her because of her disability. *Carruthers v. BSA Adver., Inc.*, 357 F.3d 1213, 1215 (11th Cir. 2004). In order to survive defendant's motion to dismiss, plaintiff's complaint must include sufficient facts on each of those elements to support a "reasonable inference" that she is entitled to relief under the ADA. *Iqbal*, 556 U.S. at 678.

Plaintiff's complaint does not meet the above standard. The only facts that plaintiff cites in support of her "disability" are that: (1) she took a half day off of work on August 18, 2009 to see her doctor, (2) the doctor instructed her that she was "temporarily unable to work" for some unspecified reason, and (3) she was in an "emotionally fragile condition" when she subsequently went to pick up medical leave forms. (Compl. [1] at ¶¶ 4, 6, 10.) Those facts do not permit a reasonable inference that plaintiff was disabled at the time of her termination. *See* 42 U.S.C. § 12102 (an individual is "disabled" under the ADA if she has "a physical or mental impairment that substantially limits one or more of [her] major life activities") and *Garrett v. Univ. of Alabama at Birmingham*, 507 F.3d

8

1306, 1315 (11th Cir. 2007)(concluding that the limitations resulting from plaintiff's cancer were insufficiently severe and long-term to rise to the level of a "disability").

Neither does plaintiff cite any facts to suggest that she was "qualified" for her position, other than the dates of her employment as an instructor at West Georgia Technical College. (Compl. [1] at ¶ 3.) *See Wood v. Green,* 323 F.3d 1309, 1312 (11th Cir. 2003) (a disabled individual is "qualified" under the ADA if she can perform the "essential functions" of her job "with or without a reasonable accommodation"). Plaintiff suggests that defendant should have given her a "reasonable accommodation[]" under the ADA, but she does not allege that she requested an accommodation or that any such accommodation would have enabled her to perform her job duties. *See Lucas v. W.W. Grainger, Inc.,* 257 F.3d 1249, 1255-56 (11th Cir. 2001) (an ADA plaintiff has the burden of identifying a reasonable accommodation and demonstrating that it would enable her to perform the essential functions of her job).

In fact, most of plaintiff's ADA allegations merely recite the elements of a disability discrimination claim as set forth in the statute. (Compl. [1] at ¶¶ 13-18.) For example, plaintiff alleges that she is a "qualified individual with a disability" and that defendant discriminated against her "because of her disability." (*Id.* at ¶¶ 13-14.) However, plaintiff does not provide any factual

9

enhancement to support those assertions. As the Supreme Court recognized in *Iqbal*, a complaint that offers only "'labels and conclusions'" or a "'formulaic recitation of the elements of a cause of action'" does not meet the pleading standard set forth in *Twombly*. *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).

Although plaintiff is represented by counsel and defendant's motion to dismiss has been pending for several months, she has not filed a motion or otherwise requested an opportunity to amend her complaint. *See Wagner v. Daewoo Heavy Indus. Am. Corp.,* 314 F.3d 541, 542 (11th Cir. 2002)("A district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court."). Moreover, the complaint clearly is deficient under *Twombly* and *Iqbal*. Accordingly, the Court **GRANTS** defendant's motion to dismiss [10] the ADA claim asserted in Count I of plaintiff's complaint.

## **CONCLUSION**

For the foregoing reasons, the Court **GRANTS** defendants' Motion to Dismiss [10]. The clerk is directed to **CLOSE** this case.

SO ORDERED, this 2nd day of August, 2012.

/s/ Julie E. Carnes
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)